**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| ERIC DEVOY KING, | ) | |
| | ) | No. 6:13-cv-02101-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Kevin F. McDonald's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for supplemental security income ("SSI"). Plaintiff Eric Devoy King ("King") filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

King received SSI as a child. As required by law, when King turned 18 his eligibility for these benefits was redetermined under the rules for determining disability in adults. On January 1, 2011, the Social Security Agency determined that King was no longer disabled as of that date. This determination was upheld on reconsideration after a hearing by a state agency disability hearing officer. King requested a hearing before an administrative law judge ("ALJ"), and ALJ Kelly Wilson held a hearing on November 9, 2012. The ALJ issued a decision on December 20, 2012, finding King not disabled under

1

the Social Security Act.  King requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On August 2, 2013, King filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on October 15, 2014, recommending that this court affirm the ALJ's decision.  King filed objections to the R&R on November 3, 2014 and the Commissioner filed a response on November 19, 2014.  The matter is now ripe for the court's review.

**B.**    **Medical History**

The court adopts the magistrate judge's thorough discussion of King's medical history and only notes a few relevant facts here.  King was born on October 20, 1992 and was 20 years old when the ALJ issued her decision.  King completed ninth grade and has no past relevant work experience.

**C.**    **ALJ's Decision**

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether King was disabled from January 1, 2011 through December 20, 2012.  It is undisputed that King did not engage in substantial gainful activity during the relevant time period.  At the second step, the ALJ found that King suffered from the following severe impairments:  diabetes mellitus, gastritis, gastro-esophageal reflux disease, lactose intolerance, asthma, hypertension, obesity, dysmetabolic disorder, depression, learning disorder, and anxiety.  Tr. 19.  At step three, the ALJ determined that King's impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments ("the Listings").  Tr. 20; <u>see</u> 20 C.F.R. Part 404, Subpt. P, App'x

1.  Before reaching the fourth step, the ALJ determined that King had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(c), except that King:  must avoid concentrated exposure to fumes, odors, dusts and gases; can perform simple tasks, but no detailed or complex tasks; can have superficial contact with the public, but should not perform customer service, sales, or counter work; and would work best in an environment that does not require him to meet high production standards.  Tr. 22.  The ALJ found, at step four, that King has no past relevant work.  Tr. 27.  Finally, at step five, the ALJ determined that considering King's age, education, work experience and RFC, he could perform jobs existing in significant numbers in the national economy, and therefore concluded that King's disability ended on January 1, 2011 and that King has not become disabled again since that date.  Tr. 27-28.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907

3

F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Id.  (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

## III.   DISCUSSION

King objects to the R&R on three grounds, arguing that the magistrate judge erred in finding that:  (1) the ALJ properly determined that King did not meet Listing 12.05(C); (2) the ALJ properly determined King's RFC; and (3) the ALJ properly evaluated King's credibility.  The court considers each objection in turn.

### A.     Listing 12.05(C)

King argues that the ALJ improperly concluded that King did not meet Listing 12.05(C).  Pl.'s Objections 1.

In order to have an intellectual disability under Listing 12.05(C), three "prongs" must be satisfied.  Hancock v. Astrue, 667 F.3d 470, 473 (4th Cir. 2012).  First, Listing 12.05 requires a showing of "deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22" ("prong 1").  20 C.F.R. Pt. 404, Subpt. P, App'x 1.  Next, one of four additional requirements must be satisfied.  Id.  At issue here is requirement C, which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70" ("prong

4

2"), as well as "a physical or other mental impairment imposing an additional and significant work-related limitation of function" ("prong 3"). Id.

Here, the ALJ found that prong 2 was not met because King does not have a valid verbal, performance, or full scale IQ of 60 through 70. Tr. 21. The ALJ also determined that King did not have a physical or other mental impairment imposing an additional and significant work-related limitation on function. Id. The ALJ acknowledged that King's full scale IQ was 66 when he was 7 years old. Id.; see Tr. 658-59. However, the ALJ discounted that score because it was inconsistent with both contemporaneous and subsequent intelligence assessments. Tr. 21-22. First, as noted by the ALJ, in May 2000 King scored in the low average range of cognitive functioning as measured by his composite score of 84 on the Stanford-Binet Intelligence Scale Fourth Edition.[1] Tr. 231-35. Next, the ALJ noted that in December 2010, when King was 18 years old, a psychological consultative examiner estimated that his IQ was in the low average range. Tr. 322-25.

"[A]n ALJ has the discretion to assess the validity of an IQ test result and is not required to accept it even if it is the only such result in the record." Hancock, 667 F.3d at 474. An ALJ may discredit IQ scores based on "other evidence contradicting them." Id. at 475. Here, the ALJ properly discredited the IQ score of 66 based on other intelligence

---

[1] King argues that the Stanford-Binet score actually supports his argument because he received a 66 in the short-term memory subtest. Pl.'s Objections 1. As an initial matter, it is not clear that a short-term memory subtest is either a "verbal" or "performance" IQ under Listing 12.05(C). See Isaac ex rel. JDM v. Astrue, , 2012 WL 5373435, at *3 (S.D. Ala. Oct. 30, 2012) (holding that "working memory" score of 68 was not a qualifying "verbal, performance, or full scale IQ score" under parallel Listing 112.05(D)). Further, King does not dispute the Commissioner's citation indicating that the subtests of the Stanford-Benit scores should not usually be interpreted on their own. See Comm'r's Br. 13 n.6. Therefore, King's high composite Stanford-Binet score is at least some evidence contradicting the IQ score of 66.

assessments.  See id. ("[I]n discrediting the IQ scores, the ALJ relied on . . . inconsistency with both the claimant's actual functioning and with the notes of treating psychiatrists.").

Because the ALJ's decision to discount King's IQ score is supported by substantial evidence, King's first objection fails.[2]

### B.    RFC Determination

Next, King argues that the ALJ's RFC determination was lacking because she "failed to explain how an individual who required frequent restroom breaks could perform sustained work in an ordinary work setting."  Pl.'s Objections 5.

First, as noted by the magistrate judge, the fact that the ALJ determined that gastritis, gastro-esophageal reflux disease, and lactose intolerance "[were] severe impairment[s] at step two of the sequential evaluation does not contradict the ALJ's conclusion that the disorder[s'] impact on his functioning was mild."  Felton-Miller v. Astrue, 459 F. App'x 226, 230 (4th Cir. 2011).  "Step two of the sequential evaluation is a threshold question with a de minimis severity requirement."  Id.

Second, the ALJ specifically considered King's gastrointestinal impairments and determined that they were caused in part by his noncompliance with treatment protocols and poor dietary habits.  Tr. 22-23.  Moreover, the record does not indicate that King's

---

[2] King contends that the agency had previously determined that King's IQ met the requirements of Listing 112.05(D), the childhood parallel to Listing 12.05(C).  However, the previous decision held that King's impairments met Listing 112.02, the childhood listing for "Organic Mental Disorders."  Comm'r's Br. Ex. 1.  The previous decision made no mention of Listing 112.05(D).

gastrointestinal impairments, which required him to use the bathroom three to four times per day,[3] were so uncontrolled as to require special accommodations.

The court finds that the ALJ's RFC determination is supported by substantial evidence, and therefore King's second objection fails.

### C.    Credibility

Finally, King objects to the ALJ's determination that his statements were not entirely credible.  Pl.'s Objections 6.

Determining whether an individual is disabled by pain or other symptoms is a two-step process.  First, an ALJ must determine whether a claimant has an underlying impairment that has been established by objective medical evidence that would reasonably be expected to cause subjective complaints of the severity and persistence alleged.  See 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 96–7p; Craig, 76 F.3d 585, 591-96 (4th Cir. 1996) (discussing the regulation-based two-part test for evaluating pain).  The first part of the test "does not . . . entail a determination of the intensity, persistence, or functionally limiting effect of the claimant's asserted pain."  Craig, 76 F.3d at 594 (internal quotation omitted).  Second, and only after the claimant has satisfied the threshold inquiry, the ALJ is to evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work."  Id. at 595.  This second step requires the ALJ to consider the record as a whole, including both objective and subjective evidence, and a claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to

---

[3] There is no indication in the record that he would need to use the bathroom three or four times in an eight-hour workday.  Rather, it appears that he needs to use the bathroom three to four times over a 24-hour day.

work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p.

If an ALJ rejects a claimant's testimony about her pain or physical conditions, he must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989). "The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p. "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id.

When considering whether an ALJ's credibility determination is supported by substantial evidence, the court may not replace its own credibility assessment for that of the ALJ; rather, the court scrutinizes the evidence to determine if it is sufficient to support the ALJ's conclusion. Coleman v. Astrue, 2011 WL 3924187, at *15 (S.D. W. Va. Sept. 7, 2011); see Hays, 907 F.2d at 1456 (holding that in reviewing the record for substantial evidence, the court does not re-weigh conflicting evidence, reach independent determinations as to credibility, or substitute its own judgment for that of the Commissioner). Because the ALJ had the "opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

Here, the ALJ found King's statements regarding the intensity, persistence, and limiting effects of his symptoms "not entirely credible." Tr. 25. The ALJ noted King's noncompliance with medication and treatment, the fact that his symptoms improved when he complied with his diet, his activities of daily living, his treatment records, and his demeanor at the hearing. Tr. 25-27.

The ALJ gave specific reasons, supported by the evidence in the case record, for her credibility determination. Therefore, the court finds that her credibility determination is supported by substantial evidence.

King's final objection fails.

### IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 24, 2015**
**Charleston, South Carolina**

9